# UNITED STATES DISTRICT COURT

District of     Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| CHRISTOPHER WOOD | Case Number: 2:09-cr-00384-HDM-LRL-3 |
| | USM Number: * 44349-048 |
| Date of Original Judgment: 7/13/2010 | Jay Siegel, CJA |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))  ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563© or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))  ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))  ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X  pled guilty to    Single Count Indictment filed 9/16/09

☐  pled nolo contendere to count(s) _____ which was accepted by the court.

☐  was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18, U.S.C. §§371, 641 | Conspiracy to Commit Theft of Government Property Forfeiture | 9/16/08 | One |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 7, 2010
Date of Imposition of Judgment

*/s/ Howard D. McKibben*
Signature of Judge

HOWARD D. McKIBBEN, Senior U.S. District Judge
Name and Title of Judge

June 4, 2015
Date

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: CHRISTOPHER WOOD
CASE NUMBER: 2:09-cr-00384-HDM-LRL-3

Judgment - Page 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **nine (9) months to be served consecutive to State of Nevada Case Nos. C252440 and C254727 with credit for time served in federal custody.**

( ) The court makes the following recommendations to the Bureau of Prisons:

(XX) The defendant is remanded to the custody of the United States Marshal.

( ) The defendant shall surrender to the United States Marshal for this district:
    ( ) at _____ a.m./p.m. on _____
    ( ) as notified by the United States Marshal.

( ) The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ( ) _____
    ( ) as notified by the United States Marshal.
    ( ) as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY: _____
Deputy United States Marshal

AO 245B (Rev 09/08) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: CHRISTOPHER WOOD  Judgment - Page 3
CASE NUMBER: 2:09-cr-00384-HDM-LRL-3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) Years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

- ( ) The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- (XX) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- (XX) The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ( ) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides., works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- ( ) The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
    Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | CHRISTOPHER WOOD | Judgment - Page __4__ |
| CASE NUMBER: | 2:09-cr-00384-HDM-LRL-3 | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapon - The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. Warrantless Search - The defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. Debt Obligations - The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation officer.

4. Access to Financial Information - The defendant shall provide the probation officer access to any requested financial information, including personal income taxes, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

5. Report to Probation Officer After Release from Custody - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

AO 245B  (Rev 09/08) Judgment in a Criminal Case
        Sheet 5 - Criminal Monetary Penalties

| DEFENDANT: | CHRISTOPHER WOOD | Judgment - Page 5 |
|---|---|---|
| CASE NUMBER: | 2:09-cr-00384-HDM-LRL-3 | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately | N/A | $11,486.00<br>Joint and Several<br>with Co-Defendants |

( )   On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| **Clerk, U.S. District Court**<br>**Attn: Financial Officer**<br>**Case No.: 2:09-cr-00384-HDM-LRL-3**<br>**333 Las Vegas Boulevard, South**<br>**Las Vegas, NV 89101**<br><br>**To be disbursed to:**<br>**U.S. Department of Labor**<br>**Mine Safety and Health Administration** | | | |
| TOTALS            :   $_____ | | $11,486.00 | |

Restitution amount ordered pursuant to plea agreement:  $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

      the interest requirement is waived for the:  ( ) fine  ( ) restitution.
      the interest requirement for the:  ( ) fine  ( ) restitution is modified as follows:

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

DEFENDANT: CHRISTOPHER WOOD
CASE NUMBER: 2:09-cr-00384-HDM-LRL-3

Judgment - Page 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    (XX)    Lump sum payment of $11,586.00 due immediately, balance due
            ( )    not later than _____; or
            (XX)    in accordance with ( ) C, ( ) D, or ( ) E or (XX) F below;

B    ( )    Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below; or

C    ( )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ( )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term is supervision; or

E          Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    (XX)    Special instructions regarding the payment of criminal monetary penalties:
**Mandatory restitution in the amount of $11,486.00, joint and several with co-defendants, with interest, payable immediately, at the rate of no less than 10% of gross income, subject to adjustment by the Court based upon ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

(XX)    Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     **Defendant    - Christopher Wood 2:09-cr-00384-HDM-LRL-3**
     **Co-Defendant - Charles Bresnihan 2:09-cr-00384-HDM-LRL-1**
     **Co-Defendant - Bill Ross 2:09-cr-00384-HDM-LRL-2**

( )    The defendant shall pay the cost of prosecution.

( )    The defendant shall pay the following court cost(s):

(XX)    The defendant shall forfeit the defendant's interest in the following property to the United States:
**See attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
       FILED          ____ RECEIVED
  ____ ENTERED        ____ SERVED ON
                      COUNSEL/PARTIES OF RECORD

         JUL - 7 2010

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
  BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   2:09-CR-0384-HDM-LRL
                                    )
CHRISTOPHER WOOD,                   )
                                    )
            Defendant.               )

## ORDER OF FORFEITURE

This Court found on March 2, 2010, that CHRISTOPHER WOOD shall pay a criminal forfeiture money judgment of $11,486.00 in United States Currency, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from CHRISTOPHER WOOD a criminal forfeiture money judgment in the amount of $11,486.00 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18,

. . .

. . .

. . .

. . .

. . .

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21 United States Code, Section 853(p).

DATED this 7th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE